**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Olton Lee Dumas,

Plaintiff,

v.

Sheryl Ramstad Hvass, et al.,

Defendants.

Civil No. 01-1436 DSD/AJB

**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Magistrate Judge on plaintiff's motion for appointment of counsel [Docket No. 15]. An amended complaint alleging violation of plaintiff's civil rights is pending before the court.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 15].

Dated: October 12, 2001

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff Olton Dumas has filed a motion seeking appointment of counsel. He asserts that his claims are complex; that the case involves medical issues requiring expert testimony; that certain discovery related protections are required; that he has limited education

FILED OCT 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and knowledge of the law; and that his own efforts to obtain representation have been unsuccessful. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters and is not persuaded that assistance of counsel is necessary for effective discovery in this action. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).