**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

OLTON LEE DUMAS,

Plaintiff,

v.

SHERYL RAMSTAD HVASS, ET AL.,

Defendants.

Civil No. 01-1436 DSD/AJB

**REPORT & RECOMMENDATION**

---

## I. BACKGROUND

Prairie Correctional Facility (PCF), located in Appleton, Minnesota, is a private correctional facility owned and operated by Corrections Corporation of America (CCA), a private prison services contractor. Amended Complaint at ¶ 1. PCF maintains an onsite prison industry program in conjunction with Jacobs Trading Company (Jacobs Trading), a private organization. Id. at ¶ 13; Pl. Memo. at 1. Plaintiff is an African-American Wisconsin prisoner, who was housed at PCF until about June 11, 2002. Id.; Amended Complaint at ¶ 1; Docket No. 52. While housed at PCF, Plaintiff participated in the inmate work program and was employed by Jacobs Trading. Amended Complaint at ¶¶ 12, 34.

Plaintiff has brought a four-count amended complaint, making several allegations including discriminatory and retaliatory treatment, and denial of due process, in connection with his employment at Jacobs Trading. In his amended complaint, Plaintiff contends that several federal statutory, and constitutional, provisions have been violated, including 42 U.S.C. §§ 1981-1983; 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1985; and the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff has also alleged two state-law claims of defamation and intentional infliction of emotional distress. He seeks compensatory and punitive damages, in addition to declaratory relief.

FILED AUG 0 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff has named as defendants CCA, PCF, Jacobs Trading, and several individual employees of those organizations. Plaintiff has also named as a defendant Sheryl Ramstad Hvass (Hvass), the Commissioner of the Minnesota Department of Corrections.[1] He has sued Hvass in her individual and official capacity.

## II. DISCUSSION

Now before the Court is Hvass's motion to dismiss or, in the alternative, for summary judgment. To address Hvass's motion, the Court does not need to consider anything that would require the motion to be treated as one for summary judgment.[2]

In considering Hvass's motion to dismiss, the Court must accept all facts alleged in the amended complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Plaintiff's amended complaint should not be dismissed unless the Court concludes that he cannot prove any set of facts that would entitle him to relief. Id. After reviewing Plaintiff's amended complaint, and the arguments of the parties, the Court concludes that Hvass's motion to dismiss should be granted.

### A. OFFICIAL CAPACITY

As noted above, Plaintiff sued Hvass in her individual and official capacity. In support of her motion, Hvass first contends that the Eleventh Amendment bars Plaintiff's suit against her in her official capacity. In response, Plaintiff engages in a discussion that has no apparent relevancy to Eleventh Amendment immunity. After reviewing Plaintiff's amended complaint, the Court agrees that the Eleventh Amendment bars his suit against Hvass in her official capacity.

---

[1]Hvass is not named as a defendant with respect to Counts II and IV.

[2]Although the Court has cited Plaintiff's memorandum in opposition to Hvass's motion, it does not contradict his amended complaint. The Court also cites Docket No. 52, which is part of the official record. Although this material is outside of the amended complaint, there is no need to treat Hvass's motion as one for summary judgment. Missouri v. Coeur d'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) ("Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").

State officials may be sued in federal court in their official capacity only when the complaint alleges an ongoing violation of federal law and seeks prospective relief. Verizon Maryland Inc. v. Pub. Serv. Comm'n of Maryland, __ U.S. __, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002). Here, Plaintiff's amended complaint seeks compensatory and punitive damages. To this extent, the Eleventh Amendment clearly bars his suit against Hvass in her official capacity.

It is true that Plaintiff's amended complaint also seeks declaratory relief. But, Plaintiff cannot avoid the Eleventh Amendment by merely using the words "declaratory relief." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270, 117 S.Ct. 2028, 2034, 138 L.Ed.2d 438 (1997) ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."). After reviewing Plaintiff's amended complaint, the Court cannot say Plaintiff is making any request for relief that can properly be characterized as prospective. The amended complaint does not allege that Plaintiff is suffering from an *ongoing* violation of federal law. Accordingly, Plaintiff's suit against Hvass in her official capacity should be dismissed with prejudice.

**B. INDIVIDUAL CAPACITY**

The remaining issue is whether Plaintiff may proceed against Hvass in her individual capacity. After reviewing Plaintiff's amended complaint, the Court concludes that he may not proceed. To explain why this is so, it is not necessary for the Court to engage in a detailed discussion of the alleged wrongful acts, nor is it necessary to discuss each proposed cause of action. Plaintiff's entire amended complaint may be addressed by making three very fundamental points. First, the amended complaint completely fails to allege that Hvass actively engaged in any wrongdoing. Second, the amended complaint completely fails to set forth facts, which might establish vicarious liability. Third, the amended complaint completely fails to set forth facts, which might establish that Hvass had a duty to prevent or stop the alleged

wrongdoing. Because there is no dispute with respect to point one, the Court will provide further discussion on only points two and three.

1. Vicarious Liability

Plaintiff suggests that Hvass has a principal/agent relationship with the persons who actively engaged in the alleged wrongdoing. The Court disagrees. According to the amended complaint, the persons who actively engaged in the alleged wrongdoing are employees of CCA/PCF or Jacobs Trading. Those organizations are not under the administration of the Minnesota Department of Corrections; they are *private* organizations. Amended Complaint at ¶¶ 1, 13.

In an attempt to avoid this glaring truth, Plaintiff contends that a principal/agency relationship exists because (1) Hvass is a Certificate Holder under the Prison Industry Enhancement Certification Program (PIECP) and (2) PCF is a Cost Accounting Center (CAC) that has been brought within the Minnesota Department of Corrections' PIECP project. This argument is severely off the mark. The PIECP Guideline clearly defines a PIECP Certificate Holder as "a department of corrections, or an alternative umbrella authority" and moreover, the Guideline clearly draws a distinction between a PIECP Certificate Holder and a Chief State Correctional Officer. PIECP Guideline, 64 Fed. Reg. 17000, 17007 (1999). In other words, Hvass *cannot* be a PIECP Certificate Holder.[3]

Even beyond that, Plaintiff's argument demonstrates a fundamental misunderstanding of the relationship between the Minnesota Department of Corrections (DOC) and PCF. Just because the DOC is a PIECP Certificate Holder, and just because PCF is a designated CAC, does not mean that PCF ceases being a completely private organization, independent of the DOC. A thorough reading of the PIECP Guideline demonstrates this to be true, and it is unnecessary to spend any more time discussing the matter. The Court concludes that Plaintiff's amended

[3]Although the Court must assume that all facts alleged in the amended complaint are true, the Court does not need to accept assertions of fact that, as a matter of law, cannot be true. Therefore, the Court rejects Plaintiff's assertion that Hvass is a PIECP Certificate Holder.

complaint completely fails to set forth facts, which might establish that Hvass is vicariously liable for the acts of the persons who actively engaged in the alleged wrongdoing.

2. Duty to Control

Plaintiff contends, over and again, that Hvass had a duty to prevent or stop the alleged wrongdoing. Plaintiff provides no viable basis for his assertion. First, Plaintiff contends that, because Hvass is the PIECP Certificate Holder, she had some control over CCA/PCF and Jacobs Trading. As discussed above, however, Hvass cannot be a PIECP Certificate Holder. In any event, after reviewing the PIECP Guideline, the Court can ascertain no reason to conclude that a Certificate Holder's monitoring responsibility extends to anything other than ensuring continued compliance with 18 U.S.C. § 1761(c) and the PIECP Guideline.

Next, Plaintiff suggests that Hvass had a duty to prevent or stop the alleged wrongdoing as part of her responsibilities under MINN. STAT. § 241.021 and the regulations promulgated pursuant thereto. The Court has carefully reviewed those provisions and concludes that they do not impose any duty upon the DOC's Commissioner to become involved in the day-to-day operations of PCF's prison industry program. In summary, Plaintiff's amended complaint completely fails to set forth facts, which might establish that Hvass had a duty to prevent or stop the alleged wrongdoing.

## III. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that

1. Defendant Hvass's motion to dismiss should be granted [Docket No. 20];
2. Plaintiff's entire cause of action, with respect to Defendant Hvass, be dismissed with prejudice.

Dated August 5, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which **SPECIFICALLY** identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to **TEN PAGES**. A judge shall make a de novo determination of those portions to which objection is made.

AJB