UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1436(DSD/AJB)

Olton Lee Dumas,

Plaintiff,

v. **ORDER**

Sheryl Ramstad Hvass, et al.,

Defendants.

This matter is before the court on plaintiff's objections to Magistrate Judge Arthur J. Boylan's report and recommendation [Doc. No. 55] dated August 5, 2002. In his report, the magistrate judge recommended that defendant's motion to dismiss [Doc. No. 20] should be granted and that plaintiff's entire cause of action with respect to defendant Sheryl Ramstad Hvass be dismissed with prejudice. Defendant objects to the magistrate judge's recommendation.

After careful review, the court concludes that the report of the magistrate judge fully discussed the reasons why the motion must be granted, because as the magistrate judge correctly discussed, the Eleventh Amendment bars plaintiff's suit against Hvass in her official capacity. See Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland, 122 S. Ct. 1753, 1760 (U.S. 2002). Additionally, the court agrees with the magistrate judge's recommendation that plaintiff may not proceed against Hvass in her

8 30 2002
FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd AUG 30 2002
Deputy Clerk's Initials

individual capacity.[1] Lastly, the court agrees with the magistrate judge's recommendation that Minn. Stat. § 241.021 and the regulations promulgated pursuant to that statute, do not impose a duty upon the Department of Corrections Commissioner.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety. Therefore, **IT IS HEREBY ORDERED** that defendant Hvass's motion to dismiss [Doc. No. 20] is granted and plaintiff's entire cause of action as it pertains to defendant Hvass is dismissed with prejudice.

Dated: August 29, 2002

David S. Doty, Judge
United States District Court

[1] As the magistrate judge correctly discussed, plaintiff's amended complaint completely failed to allege that Hvass actively engaged in any wrongdoing, the amended complaint completely failed to set forth facts that might establish vicarious liability, and the amended complaint completely failed to set forth facts which might establish that Hvass had a duty to prevent or stop the alleged wrongdoing.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.