UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1436(DSD/AJB)

Olton Lee Dumas,

Plaintiff,

v. **ORDER**

Sheryl Ramstad Hvass, et al.,

Defendants.

This matter is before the court on:

1. Plaintiff's motion for leave to submit a memoranda in excess of ten pages in support of his objections to Magistrate Judge Arthur J. Boylan's report and recommendation [Doc. No. 56];[1]

2. Plaintiff's motion to consolidate Magistrate Judge Arthur J. Boylan's reports and recommendations [Doc. Nos. 55 & 56],[2] and;

3. Plaintiff's objections to Magistrate Judge Arthur J. Boylan's report and recommendation regarding defendants' motion to dismiss [Doc. No. 18].

After careful review, the court adopts each of the magistrate judge's recommendations and agrees with his reasoning in all

---

[1] Because plaintiff's handwritten objections would, if typed, likely meet the 10-page limit under Local Rule 72.1(b)(2), plaintiff's motion for expansion of the page limit is granted.

[2] Because plaintiff separately filed objections to each of the magistrate judge's reports and recommendations, and because the court has already issued its order regarding the first report and recommendation, plaintiff's motion to consolidate the reports and recommendation is denied.

FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

respects except as to plaintiff's Title VII claim, where the court bases its decision on other reasons.

## BACKGROUND

Plaintiff's amended complaint charges defendants with violations of Title VII, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, procedural due process and the First and Eighth Amendments, as well as intentional infliction of emotional distress and defamation. In his report and recommendations the magistrate judge recommended that defendants' motion to dismiss should be granted and that plaintiff's entire cause of action be dismissed with prejudice with respect to defendants Linda G. Cooper, Board of Governors of Corrections Corporation of America, Warden R. Tim O'Dell, Prairie Correctional Facility, Jacobs Trading Company, J. Berger, L. Stone, Paul Taffe, Sgt. Streff, B. Seidl and C. Andrews (hereinafter defendants).[3] Plaintiff objects to the magistrate judge's report and recommendations on all of his claims.

## DISCUSSION

### I. 42 U.S.C. § 1981

As the magistrate judge correctly discussed, plaintiff's 42 U.S.C. § 1981 claim fails because plaintiff alleges no facts from

[3] Defendant Sheryl Ramstad Hvass filed a separate motion to dismiss, or in the alternative, for summary judgment, which was granted by order of the court dated August 29, 2002.

which impermissible discrimination may be inferred. Careful review of plaintiff's amended complaint and subsequent memoranda reveals no allegations of specific instances of discriminatory employment conduct by defendants.

**II. 42 U.S.C. § 1982**

Plaintiff's 42 U.S.C. § 1982 claim fails because § 1982 does not apply to employment discrimination claims. While the Supreme Court has found a property interest in continued employment in some circumstances, those holdings have arisen under due process analysis. See infra.

**III. 42 U.S.C. § 1983**

**a. Equal Protection**

Plaintiff's 42 U.S.C. § 1983 equal protection claim must fail for the same reason that his § 1981 claim failed. Careful review of the record reveals no allegations of specific instances of racially motivated dissimilar treatment of employees by defendants.

**b. Due Process**

As the magistrate judge correctly indicated, plaintiff's 42 U.S.C. § 1983 due process claim fails to demonstrate a property or liberty interest in plaintiff's job. As noted above, the Supreme Court has recognized a property interest in some employment circumstances, which in turn implicates due process considerations. However, the Court has found a property interest to exist only in

cases of tenured or like-situated employees.[4] The Eighth Circuit Court of Appeals has concluded that "[i]nmates have no constitutional entitlement to tenure in prison jobs." Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984). Plaintiff has offered no evidence indicating that he had a legally cognizable property interest in his prison job.[5]

**c. First Amendment**

Plaintiff's First Amendment claim must fail because plaintiff has not demonstrated that any adverse employment action was taken either in response to, or with the intent to curtail, his exercise of free speech. To establish a First Amendment retaliation claim, plaintiff must demonstrate that: (1) he was engaged in protected conduct; (2) action was taken that would "prevent a person of ordinary firmness from engaging in that conduct;" and (3) that adverse action was in response to the protected conduct. Shehee v.

---

[4] See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L Ed.2d 548, 1 IER Cases 23 (1972) (holding that to establish a property interest in continued employment, the employee must have tenure, or a statute, rule or policy must secure that interest); Perry v. Sindermann, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed.2d 570, 1 IER Cases 33 (1972) (holding that de facto tenure can also create a property interest in on-going employment).

[5] Even if plaintiff could establish a property interest in his prison job, the record indicates an administrative appeal process ultimately resulted in his reinstatement, apparently in accord with due process requirements. [Amended Complaint ¶¶ 94-159.] See Arnett v Kennedy, 416 U.S. 134, 94 S. Ct. 1633, 40 L. Ed.2d 15 (1974) (holding that related agency regulations provided sufficient process to meet constitutional requirements).

Luttrell, 199 F.3d 295,300-01 (6th Cir. 1999). Here, the record indicates that the adverse action, plaintiff's termination, was based on legitimate, non-speech reasons.

**d. Eighth Amendment**

Plaintiff's Eighth Amendment claim fails to establish a substantial risk of serious harm resulting from the conditions of his incarceration.[6] Further, because plaintiff's employment was not a mandatory condition of his incarceration, the claim fails to show sufficient state action to support an Eighth Amendment claim.[7]

## IV. 42 U.S.C. §§ 1985 & 1986

Plaintiff's 42 U.S.C. §§ 1985 & 1986 claims fail to adduce sufficient evidence of a conspiracy within the contemplation of § 1985. "It is not enough to merely state ... that a conspiracy has taken place." Laurales v. Desha County Sch. Dist. #4 of Snowlake, 632 F.2d 72, 74 n.3 (8th Cir. 1980). Without a § 1985 showing, there can be no recovery under § 1986.

## V. Intentional Infliction of Emotional Distress

As the magistrate judge discussed, plaintiff's claim fails to allege facts demonstrating the extreme and outrageous conduct required to support a claim of intentional infliction of emotional

---

[6] See Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998).

[7] See Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (holding that deliberate state action is an essential element of an Eighth Amendment claim).

distress.[8] Upon careful review of the pleadings and supporting memoranda, the court agrees that, as a matter of law, the defendants' alleged conduct falls well below that standard.

**VI. Defamation**

Further, plaintiff's claim lacks the specific indicia of defamation necessary to survive defendants' motion. Plaintiff's subsequent memorandum in opposition to defendants' motion and plaintiff's objections to the magistrate's report and recommendations wholly fail to add any additional facts in support of this claim

**VII. Title VII**

The magistrate judge correctly determined that plaintiff's Title VII claim was not barred by McMaster v. State of Minnesota, 30 F.3d 976 (8th Cir. 1994) (holding that inmates working under mandatory prison industries programs were not covered by Title VII). Because plaintiff's employment was voluntary, McMaster does not apply in this case.

However, citing Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000), the magistrate judge determined that plaintiff's Title VII claim was barred for failure to exhaust

---

[8] See Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438 (Minn. 1983). See also Cafferty v. Garcia's of Scottsdale, Inc., 375 N.W.2d 850, 853 (Minn. Ct. App. 1985) (holding that for a terminated employee to prevail on an intentional emotional distress claim, the distress must have been such that no reasonable person could have been expected to endure it).

administrative remedies, because plaintiff did not properly file a claim with the EEOC and receive a right-to-sue letter from that body prior to commencing the present action.

Timely filing of discrimination charges with the EEOC and receipt of a right-to-sue letter are general prerequisites to the right to file a Title VII action in federal court. See id. However, the failure to do so, absent a showing of prejudice, is a curable defect. See Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988) (holding that receipt of the right-to-sue letter is a condition precedent that can be cured after filing suit). See also Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091 (4th Cir. 1982); Pinkard v. Pullman-Standard, a Div. Of Pullman, Inc., 678 F.2d 1211 (5th Cir. 1982); Williams v. Washington Metropolitan Area Transit Authority, et al., 721 F.2d 1412, 1418 n. 12 (D.C. Cir. 1983) (all holding that non-receipt of right-to-sue letter is a curable defect).

The court notes that plaintiff attempted to file his claim, or at least contacted the EEOC, and was informed that, in accordance with McMaster v. State of Minnesota, 30 F.3d 976 (8th Cir. 1994), it believed it lacked jurisdiction over his claims. However, as the magistrate judge correctly points out, McMaster dealt specifically with mandatory prisoner work programs and does not apply on the present facts.

Failure to properly file with the EEOC is a curable defect only if there is no prejudice to defendants. See Jones, 857 F.2d at 499. That prejudice has been defined as, "some prejudice to [defendants'] ability to defend against [plaintiff's] claims-such as a change in [plaintiff's] legal theories, the need for additional discovery or trial preparation, or tardiness in asserting stale claims such that premature filing makes it difficult for the defendant to obtain required evidence or witnesses." Kane v. State of Iowa Dept. of Human Services, 955 F.Supp. 1117, 1138, (N.D. Iowa, 1997). Because plaintiff has not properly filed with the EEOC or cured that defect, it cannot be determined whether defendants have suffered such prejudice.

Nonetheless, even if plaintiff were to cure the defect, his Title VII claim would fail. Plaintiff raises the Title VII claim in conjunction with his 42 U.S.C. §§ 1891 & 1893 claims [Am. Compl. ¶¶ 186-99] and in no way distinguishes the Title VII claim from those claims. Therefore, plaintiff's Title VII claim similarly fails to state facts, beyond bald assertions of discriminatory employment practices, upon which relief could be granted.

**CONCLUSION**

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirely. Therefore, **IT IS HEREBY ORDERED:**

1. That plaintiff's motion for expansion of the 10-page limit [Doc. No. 56] to objections to magistrate judge's reports and recommendations is granted;

2. That plaintiff's motion for consolidation [Doc. Nos. 55 & 56] of the magistrate judge's reports and recommendations is denied;

3. That defendants Linda G. Cooper, Board of Governors of Corrections Corporation of America, Warden R. Tim O'Dell, Prairie Correctional Facility, Jacobs Trading Company, J. Berger, L. Stone, Paul Taffe, Sgt. Streff, B. Seidl and C. Andrews' motion to dismiss, or in the alternative, for summary judgment [Doc. No. 18], is granted and plaintiff's entire cause of action is dismissed with prejudice.

Dated: September 23, 2002

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.